IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARCKIA LAWRENCE,

    Plaintiff,

    v.

PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.,

    Defendant.

Case No. 3:19-cv-02103-JR

FINDINGS & RECOMMENDATION

RUSSO, Magistrate Judge:

On May 4, 2021 this Court recommended granting defendant Paramount Residential Mortgage Group, Inc.'s Motion for Summary Judgment. Plaintiff filed objections, and the Findings and Recommendations were adopted in full on August 12, 2021. The Court accordingly entered judgment in favor of defendant. ECF 48. Defendant then timely moved for attorney's fees under Federal Rule of Civil Procedure 54(d)(2), 15 U.S.C. § 1681n(c), ORS 20.105, and the terms of a contract between the parties. ECF 51. For the following reasons, the Court should deny defendant's motion.

## LEGAL STANDARD

Under the "American rule," litigants generally must pay their own attorney's fees in absence of a rule, statute, or contract authorizing such an award. *See Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999). The statute at the heart of this case, the Fair Credit Reporting Act ("FCRA"), permits the prevailing party to recover attorneys' fees if an action was "filed in bad faith or for purposes of harassment." 15 U.S.C. §§ 1681n(c); 1681o(b); *Rouse v.*

Page 1 – FINDINGS & RECOMMENDATION

*Law Offices of Rory Clark*, 603 F.3d 699, 706 (9th Cir. 2010) *rev'd on other grounds by Marx v. Gen. Revenue Corp.*, 568 U.S. 371 (2013). The term "bad faith" is not defined in the statute. In general, bad faith "is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; ... it contemplates a state of mind affirmatively operating with furtive design or ill will." Black's Law Dictionary 139 (6th ed. 1990); *accord United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1183 (9th Cir. 2003) (applying Black's definition of bad faith).

A party seeking attorneys' fees under the FCRA can show bad faith when the plaintiff's action was unfounded from the outset, frivolous, or brought for the purpose of harassment. *See Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n,* 434 U.S. 412, 421, (1978); *see also Lewis v. Trans Union LLC*, 2006 WL 2861059 at * 4 (N.D. Ill. Sept. 29, 2006) (awarding attorneys' fees pursuant to § 1681n(c) based on a showing that the plaintiff "knew of the falsity and baselessness of the allegations in the complaint when it was filed"). Courts addressing attorneys' fees awards under § 1681n(c) have awarded fees only when a pleading or other document was *filed* in bad faith, and not for any misconduct during the action, such as the use of delay tactics or failure to communicate with opposing counsel. *Roybal v. Trans Union,* 2009 WL 394290, at *1 (E.D. Cal. Feb.17, 2009) (declining to award attorneys' fees after finding that there was "no evidence that [the] action was brought in bad faith or for purposes of harassment"); *Ryan v. Trans Union Corp.,* 2001 WL 185182, at *5 (N.D. Ill.2001) (denying attorneys' fees under § 1681n(c) because the defendants had failed to establish that the plaintiff actually realized his core allegations were untrue when he filed his complaint).

**DISCUSSION**

Defendant seeks fees under Oregon state law, federal statute, and based on a deed of trust between the parties. Because defendant fails to show it is entitled to attorneys' fees on any of these bases, the Court should deny the motion.

### I.     Defendant Is Not Entitled to Fees Under Oregon State Law

Defendant argues it is entitled to fees under Oregon state law even though this federal court dismissed a one-count complaint arising under a federal statute. Defendant is wrong because in a "pure federal question case" in federal court—such as this one—federal law governs attorneys' fees. *Disability Law Ctr. of Alaska, Inc. v. Anchorage Sch. Dist.*, 581 F.3d 936, 940 (9th Cir. 2009); *California Chamber of Com. v. Becerra*, 2020 WL 5074026, at *6 (E.D. Cal. Aug. 27, 2020)(same). Simply put, ORS 20.105(1) does not apply to this case because the Court is not considering a state law cause of action, and the statute by its terms is limited to "any civil action, suit or other proceeding in a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeal or Supreme Court…." ORS 20.105(a). The cases defendant cites also make clear that Oregon's fee statute would apply only if this court were sitting in diversity. Reply Br. at 6 (citing, *inter alia, Est. of Osborn-Vincent v. Ameriprise Fin., Inc.*, No. 3:16-cv-02305-YY, 2019 U.S. Dist. LEXIS 31288, at *2 (D. Or. Jan. 3, 2019) ("A federal court **sitting in diversity** must apply the substantive law of the state in which it sits.") (emphasis added); *IDS Prop. Cas. Ins. Co. v. Mullins*, 726 F. App'x 597 (9th Cir. 2018) (same). This is not a diversity case, and defendant has identified no other compelling reason ORS 20.105(1) governs this proceeding or these parties. The Court should therefore deny defendant's fee petition on state law grounds because the statute under which it seeks fees does not apply to this action.

## II.     Defendant Is Not Entitled to Fees Under the Parties' Contract

Defendant also seeks the protection of Oregon law in this one-count federal question case, arguing that state law requires plaintiff to pay attorneys' fees because the complaint relates to a Deed of Trust between the parties. When it applies, ORS 20.083 allows that the "prevailing party in a civil action relating to an express or implied contract is entitled to an award of attorney fees that is authorized by the terms of the contract . . . ." ORS 20.083. *See also* 20.096(1) and (3); *U.S. Nat'l Resources, Inc. v. Gray*, 66 Or. App. 769, 773 (1984) (reversing ruling declining to award fees as authorized in contract; holding trial court has no discretion to deny them where contract requires them). Plaintiff's case, however, has nothing to do with the Deed of Trust. Specifically, plaintiff did not allege breach of contract, nor did defendant rely on any provision of the contract in its asserted defenses. And furthermore, as explained above, Oregon law concerning attorney's fees does not apply to this federal question case. For these reasons, the Court should likewise dismiss defendant's motion to the extent it seeks fees under the Deed of Trust and ORS 20.083.

## III.    Defendant Is Not Entitled to Fees under the FCRA

Under 15 U.S.C. §§ 1681n(c) and 1681o(b), a defendant is entitled to attorney's fees if the FCRA action was filed in bad faith or for harassment purposes. 15 U.S.C. §§ 1681n(c). The party moving for fees has the burden to prove they are warranted. *Stiff v. Wilshire Credit Corp.*, 2005 U.S. Dist. LEXIS 26356, at *4 (D. Ariz. Nov. 1, 2005). Fees cannot be awarded simply because a party prevails in the litigation. *Edge v. Prof'l Claims Bureau*, 64 F. Supp. 2d 115, 119 (E.D.N.Y. 1999). "Bad faith" as it is used in the FCRA requires "not simply bad judgment or negligence, but rather … the conscious doing of a wrong because of dishonest purpose or moral

obliquity." *DeBusk v. Wachovia Bank*, 5-6 (D. Ariz. Nov. 16, 2006) (quoting *Shipley v. Trans Union Corp.*, 2006 U.S. Dist. LEXIS 34105, at *6 (W.D. Wash. May 25, 2006)).

Here, defendant argues plaintiff brought this case in bad faith because her allegations of dischargeability were shifting and legally frivolous, but does not meet the burden to show "bad faith" under the FCRA. As noted above, for a Court to find a plaintiff acted in "bad faith," it must be something more than just that the plaintiff lost her case on a motion to dismiss or at summary judgment. Although the Court granted summary judgment to Paramount, defendant cannot show that plaintiff somehow knew, before the case was filed, that her consistent, core allegation that defendant should report the payment history on her account even though the loan was included in her Chapter 13 bankruptcy plan was frivolous. As the Court noted in its Findings and Recommendation, "neither party cites to any directly on-point precedent concerning the failure to divulge ongoing mortgage payments prior to a formal discharge." ECF 43 at 14. That is to say, because plaintiff's unsuccessful FCRA claim was not a foregone conclusion when she filed it, defendant cannot show plaintiff filed her claim in bad faith because the claim was legally frivolous.

Defendant also fails to show plaintiff's case was filed in bad faith because plaintiff somehow knew, factually, that her case was doomed before it was filed. Plaintiff did, between her initial and Amended complaint change her allegation of *why* her loan was not yet discharged, but never changed the core allegation of her case that her payment should be reported as compliant during the bankruptcy proceedings. The fact that the non-lawyer plaintiff used the phrase "post discharge" in a copy of a credit dispute she prepared although a bad fact on summary judgment, it is not a legal barrier to filing an FCRA claim that defendant mis-reported her payment history despite filing a credit dispute summary. Again, it was not bad faith for

Page 5 – FINDINGS & RECOMMENDATION

plaintiff to advance an ultimately doomed, but novel, legal argument about the proper reporting of this debt, even though she had referred to the loan as "post discharge" in the past. Plaintiff lost on the legal question, but defendant has not shown that she acted with the kind of bad faith required for an award of attorney's fees under the FCRA. The Court should therefore deny defendant's motion on this basis as well.

### IV.     The Court Could Also Deny the Motion for Failure to Comply with LR 7-1

Finally, the Court could also deny this motion because defendant flouted Local Rule 7-1. Local Rule 7-1 requires a movant to certify that "(A) … the parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so; or (B) The opposing party refused to confer." *See also Kazemy v. BMW of N. Am., LLC*, 2014 WL 3667217, at *2 (D. Or. July 17, 2014) (highlighting that "the purpose of Local Rule 7-1 is to encourage parties to confer and resolve disputes amicably whenever possible, thus preserving judicial resources for only those disputes that truly require court intervention,"). Courts "may deny any motion that fails to meet [the] certification requirement." LR 7-1(a)(3); *see, e.g., Inhale, Inc. v. Inhale, LLC*, 6:19-CV-01780-AA, 2020 WL 6121942, at *4 (D. Or. Oct. 16, 2020) (denying motion for failure to comply with LR 7-1(a)). Here, defendant sent a 4:06 p.m. email on the same day the motion was filed. Such an eleventh-hour token gesture is hardly "a good faith effort through personal or telephone conferences to resolve the dispute," and is a wholly independent ground to deny the fee motion. Should the Court so choose, it could deny defendant's motion for this alternative reason that it skirted the LR7-1 requirements of this District.

## CONCLUSION

For these reasons, defendant's motion for attorney fees (ECF 51) should be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 12th day of October, 2021.

        /s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge